White, J.
Tbe first question, in order, that arises for determination is, whether tbe levy of tbe attachment, in favor of Carty, was valid, and operated to secure to tbe creditor the-interest and right of redemption of tbe mortgagor, Alspacb, in tbe mortgaged property ? Tbe answer to this question is-to be ascertained from tbe statute. For, though at common law mere equitable interests can not be taken and sold on execution, for tbe reason, as it is said, that where there is no-legal right there is no legal remedy, yet, the proceeding by *460 attachment is created by the statute, and to it we must refer to ascertain the kinds of property that may be subjected to its operation.
The proceeding by attachment is auxiliary in its nature, and is only authorized where the residence or conduct of the •defendant is such as to jeopardize, in contemplation of the .statute, the rights of the creditor against his property by the ordinary remedies. Its object is the seizure and retention of the debtor’s property, so that it may, at the proper time, be subjected to the payment of the judgment of the attaching •creditor.
The thirtieth section of the act defining the jurisdiction and procedure before justices of the peace, and the duties of constables in civil cases (S. & C.’s Stat. 776), prescribes what the. order of attachment shall contain, and the kinds of property which it is the duty of the constable to attach, to-wit: “the goods, chattels, stocks, or interests in stocks, rights, credits, moneys and effects of the defendant in his county,” etc. In the execution of the order, the constable is required to go to the place where the defendant’s property may be found, and, in the presence of two credible persons, declare that he attaches the property at the suit of the plaintiff.
Provision is also made for cases where, to use the language ■of the statute, the officer “ can not come at the property,” by reason of the possession of some party other than the defendant. In such case the plaintiff, his agent or attorney, is .authorized to make oath, in writing, that he has good reason to, and does believe, that any person or corporation to be named, within the county, has property of the defendant (describing the same) in his possession; and the officer is then required to leave with them, as garnishees, a Copy of the attachment, with a written notice, that they appear before the justice and answer, as provided in section thirty-nine. The last named section requires the answers of the garnishee to be as comprehensive, as to the property of the defendant, as the order of attachment. He is to answer all questions put to him, touching the property of every description, and credits .of the defendant, in his possession or under his control, and *461 disclose truly the amount owing by him to the defendant,, whether due or not.
The affidavit can be made, of course, only where the property sought to be attached is in the possession of some other party than the defendant; and it is evident, from the answers-required of the garnishee, that the term property, as used in. the section authorizing the affidavit, is used in a very comprehensive sense.
The order of attachment binds the property attached from, the time of service, and the garnishee stands liable to the plaintiff for all property, moneys and credits, in his hands, or due from him to the defendant, from the time he is served with, the notice; and it is declared, that when property is attached, in .the hands of a consignee, or other person having prior liens, his liens thereon shall not be affected by the attachment.
In providing, after judgment, for the application of the attached property to the satisfaction of the judgment, section-forty-six provides for the salé of the personal property, whether held by legal or equitable title.
The proceedings in attachment, under the code, seem to be equally comprehensive as to. the kinds of property which they were designed to reach, as the proceedings authorized after judgment in aid of execution. And, in this respect, with the exception of the interests of the debtor in real estate, the provisions in the justices’ act are similar to those of the code. The order of attachment designates the classes of property it is designed to subject; but where the possession and claims of other parties are such as to obstruct or prevent its execution by the officer directly upon the property, another mcideof execution is provided, which is, to charge such parties as garnishees, and thus as effectually appropriate indirectly the interest of the defendant to the judgment the plaintiff may recover, as if the condition of the property had admitted of the officer doing so directly. But, in such cases, before such parties can be charged and required to submit to the annoyance-of an examination under oath, touching property in their own possession and apparent ownership, or in regard to supposed- *462 'liabilities on their part, as well as, doubtless, to avoid conflicts ■and. inconvenience in the execution of the order, an affidavit is required to be made, on behalf of the plaintiff, showing the existence of the interest or rights of his debtor, which he seeks to subject. In such cases the service of the notice, and of a ■ copy of the order of attachment, subjects the debtor’s property in the hands of the garnishee to the attachment, furnishes him with notice thereof, and thenceforth he stands liable to the plaintiff therefor.
In the present case, at the time the attachment was levied there were no grounds upon which to garnishee Eenstemaker, the mortgagee. Alspach, the mortgagor, was in possession, and was the owner of the property against all except his mortgagee. There was no impediment to the officer “ coming at the property.” He did take possession of, and held it, until taken from him by Eenstemaker, under his mortgage. When the latter recovered the property, the rights of Alspach therein had been subjected by the attachment, and the mortgagee, after' the satisfaction of his mortgage, held so much of it as remained,' or the proceeds, if converted into money, subject to this attachment. It is evident that Alspach’s interest in the property was liable to attachment in one of the modes provided. He could not object to its being done by the levy and seizure of the property. And it is not reasonable that the mortgagee should do so on the only ground on which he could object, to-wit: that the mode provided for charging garnishees had not been pursued. At the time of the levy, he was not in possession, and could not have been charged as garnishee. The officer lawfully obtained and held possession until divested mf it by the assertion of the superior title under the mortgage and the levy and possession were sufficient notice to the mortgagee of the appropriation of Alspach’s interest by the attachment.
But it is urged that the constable did not attach the interest of Alspach in the property subject to the lien of Een.■stemaker, but levied upon the property itself, disregarding the ..rights of Eenstemaker. If Alspach had sold this property by Its general description, it would not be disputed that the pur *463 ■chaser would have acquired his equities in it. The greater would include the less. It seems clear to us, that the same result follows from the levy of judicial process, where the equities in question 'are within, and subject to, its operation. It is true, the levy upon, or sale, of a greater interest than the mortgagor possessed, would be the assertion of a claim hostile to the mortgagee; and if carried out to his injury might entitle him to redress. Manning v. Monaghan, 23 New York Rep. 544-5. If not so carried out, it is harmless as to the mortgagee, yet effectual against the mortgagor.
The next question is, whether the equitable lien acquired by Carty in the property, by the attachment, was divested by the delivery in the replevin suit, and transferred to Fenstemaker, the mortgagee, plaintiff in that suit ?
Whatever claim the constable set up by his levy and possession that was adverse to the claim of the plaintiff in replevin, did pass to the latter, as was held in Smith v. McGregor, 10 Ohio St. Rep. 461. But the equity of redemption of the mortgagor, which is all that the attachment could legitimately subject, was not adverse to the possession, or property, of the plaintiff in replevin under his mortgage. If the mortgagee gets possession by consent, the right of the mortgagor to redeem, or to the surplus, after the mortgage is satisfied, is beyond dispute. If, when the mortgagee resorts to his legal remedy, he acquires this right, it is difficult to see how the mortgagor is to be compensated therefor. Damages can be awarded to the defendant in replevin only where the plaintiff fails; but, in the case supposed, he could not fail. Its value could not be ascertained, in a separate suit, without charging the mortgagee with the value of the property, and crediting him with his mortgage debt. This would convert him into a purchaser of property at its value, which he held merely as security. It can not be maintained, that such right of the mortgagor is divested by the .replevin. And the surplus, after the satisfaction of the mortgage, being insufficient to pay the judgment of the attaching creditor, the mortgagee took noth» ing by his assignment.
*464 The judgment of the district court is, therefore, reversed* and the judgment of the common pleas affirmed.
Brinkerhoee, O.J., and Scott, Ranney and Wilder, JJ., concurred.